# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**MARCUS DAVIS**  **PETITIONER**
Reg. #18333-424

V.   CASE NO. 2:20-CV-1-BSM-BD

**DEWAYNE HENDRIX, Warden,**
**Federal Correctional Institution,**
**Forrest City, Arkansas**   **RESPONDENT**

## RECOMMENDED DISPOSITION

### I. Procedure for Filing Objections

This Recommendation for dismissal has been sent to Judge Brian S. Miller. Any party to this lawsuit may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

### II. Background

Petitioner Marcus Davis, a current inmate in the Bureau of Prisons (BOP), Federal Correction Institution in Forrest City, Arkansas, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 claiming that his good-conduct time was taken unlawfully and arbitrarily, because "nothing establishes the basis for the possession of the phone on

my part." (Doc. No. 1 at pp. 4-5) In his response to the petition, Dewayne Hendrix, Warden at FCI Forrest City, asserts that Mr. Davis was afforded due process and contends that Mr. Davis is not entitled to habeas corpus relief. (Doc. No. 6)

This Court reviewed the petition and response and recommended that United States District Judge Brian Miller deny and dismiss the petition. (Doc. No. 8) Mr. Davis objected to the recommendation. (Doc. No. 9) In his objection, Mr. Davis states that, from the beginning of the BOP investigation at issue, he told investigating officers that his picture was on the phone but that he was "never in possession of a hazardous tool 'cell phone.'" (Doc. No. 9 at p. 1)

After reviewing Mr. Davis's objection, Judge Miller rejected the recommendation and asked this Court to reconsider its conclusion that the petition should be denied and dismissed in the light of the points raised in Mr. Davis's objection. (Doc. No. 10)

### III. Discussion

The facts of the case are set out in the Court's prior recommendation. (Doc. No. 8) In his objection to that recommendation, Mr. Davis more clearly articulates his argument. In sum, he admits that his picture was on the contraband cellphone at issue, but he insists that he did not "possess" the phone. (Doc. No. 9)

Mr. Davis emphasizes the fact that he was never "caught" with a cellphone in his possession and offers the affidavit of a fellow inmate, Jesse Jackson, stating that he (Jackson) took pictures of Mr. Davis with his (Jackson's) phone. (Docs. No. 1 at p. 23 and No. 9 at p. 2) Based on this alleged lack of evidence of his "possession" of a cellphone, Mr. Davis challenges whether there was "some evidence" to support the

2

Disciplinary Hearing Officer's (DHO) written report. (Docs. No. 1 at pp. 4-5, and No. 9 at pp. 1-2) Mr. Davis obtained the inmate affidavit four months after his disciplinary hearing, but he did attach the affidavit to his petition.

The Court is sympathetic to Mr. Davis's claim that the phone was not his and was not actually in his possession. Indeed, were this Court the fact-finder, it might have reached a conclusion different from that of the DHO. But in this habeas proceeding, the Court's role is not to assess the credibility of witnesses or reweigh the evidence; instead, the Court's role is simply to ensure that *some evidence* supports the DHO's conclusion and decision. *Superintendent v. Hill*, 472 U.S. 445, 454-56 (1985).

In other words, federal habeas courts do not hear appeals from prison disciplinary decisions; but rather, they determine whether the disciplinary process adequately protected the inmate's federally protected rights. If there was some evidence to support the DHO's decision, due process was satisfied.

"Some evidence" in the context of a disciplinary hearing means "*any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *Id.* at 455–56 (emphasis added). Under this minimal evidentiary standard, federal courts are required to defer to the judgment of prison officials, who are charged with maintaining discipline in their institutions while meeting constitutional requirements. *Id.* at 456; see *e.g*. *Flowers v. Anderson*, 661 F.3d 977, 980-81 (8th Cir. 2011) ("some evidence" found where staff member discovered weapons in a common area of a room for which two inmates shared responsibility); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990)

(contraband found in a shared locker constituted some evidence against inmate, even though another inmate admitted culpability).

Here, the DHO cited the written statement of Technician R. Wyatt, the photograph sheets, the chain of custody log, the BOPINTEL Extraction report, and Mr. Davis's testimony in his written decision. This constitutes some evidence. There is no requirement that the evidence logically preclude findings other than those of the DHO; instead, due process requires only *some evidence* that supports the DHO's findings. *Superintendent*, 472 U.S. at 457. Mr. Davis's statement contradicting the correctional officer's report is not reason for the Court to conclude that Mr. Davis's due process rights were violated—even if this Court might think that the DHO got it wrong. *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (report from a correctional officer, even if disputed by the inmate and supported by no other evidence, is "some evidence").

The DHO did not have the benefit of Mr. Jackson's affidavit. Even so, that does not change the outcome here, because there was evidence to support the DHO's findings.

**IV.** **Conclusion**

BOP officials did not deny Mr. Davis due process during the disciplinary proceeding that resulted in his loss of good-conduct time. Accordingly, Mr. Davis's petition for a federal writ of habeas corpus (Doc. No. 1) should be DENIED and DISMISSED, with prejudice.

DATED this 13th day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE